**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**CHELMSFORD, MASSACHUSETTS**

**IN THE MATTER OF:**

| | | |
|---|---|---|
| **DATUS, Kervens** | ) | |
| | ) | |
| **A** [redacted] | [redacted] | **In Bond Proceedings** |
| | ) | **DETAINED** |
| **Respondent** | ) | |

**APPLICATION**: Motion for Custody Redetermination

**ON BEHALF OF THE RESPONDENT:**
William Keefe, Esq.
Law Offices of William Keefe
801 C Tremont Street
Boston, Massachusetts 02118

**ON BEHALF OF DHS:**
Hayley Gervais, Esq., Assistant Chief Counsel
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
150 Apollo Drive
Chelmsford, Massachusetts 01824

## BOND ORDER OF THE IMMIGRATION JUDGE

### I. PROCEDURAL HISTORY

On September 2, 2025, the U.S. Department of Homeland Security ("DHS") initiated removal proceedings against the Respondent, Mr. Kervens Datus ("Respondent"), through the filing of a Notice to Appear ("NTA") with the Chelmsford Immigration Court ("Court"). Form I-862, Notice to Appear (Sep. 2, 2025). The Court convened for a custody redetermination hearing on August 3, 2026, pursuant to an order issued by the United States District Court for the District of Massachusetts.

### II. DOCUMENTARY EVIDENCE[1]

**Bond Exhibit 1**: DHS' Notice of U.S. District Court Order for Custody Hearing Respondent is Detained at Plymouth (July 31, 2026)

[1] The record of these proceedings is maintained in an electronic format through the EOIR Courts and Appeals System. For clarity the Court will cite to specific pages using the exhibit and page number that EOIR generates when a filing is uploaded to the eROP. These page numbers appear in the bottom left corner of the exhibits (e.g "EOIR – 1 of 10").

**Bond Exhibit 2**: DHS' Submission of Evidence (July 31, 2026)

**Bond Exhibit 3**: Respondent's Exhibits in Support of Renewed Motion for Bond (Aug. 3, 2026)

## III. STANDARDS OF LAW

The Court may review the custody status of a respondent in removal proceedings, provided that the respondent is not subject to mandatory detention pursuant to section 236(c) of the Immigration and Nationality Act ("INA" or "Act"). INA § 236(a). When reviewing a respondent's custody status, the Court may order DHS to (1) continue to detain the respondent or (2) release the respondent on either a bond of not less than $1,500.00 or conditional parole. *Id.* Pursuant to the opinion of the First Circuit, DHS bears the burden of proof in custody redetermination proceedings. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). For the Court to order no change in a respondent's custody status, DHS must prove by clear and convincing evidence that the respondent poses a danger to the community or prove by a preponderance of the evidence that the respondent poses a risk of flight. *Id.*; *see also* 8 C.F.R. §§ 1003.19(h)(3), 1236.1(c)(8).

DHS bears the burden to demonstrate respondent's danger to the community by clear and convincing evidence. *Hernandez-Lara*, 10 F.4th at 41. Clear and convincing evidence is a standard of proof which requires more than the preponderance of the evidence standard applied in most civil cases, but less than the beyond a reasonable doubt standard used in criminal proceedings. *Addington v. Texas*, 441 U.S. 418, 425 (1979). The Board of Immigration Appeals ("BIA" or "Board") defined clear and convincing evidence as "that degree of proof though not necessarily conclusive, which will produce in the mind of the court a firm belief or conviction, or as that degree of proof which is more than a preponderance but less than beyond a reasonable doubt." *Matter of Patel*, 19 I&N Dec. 774 (BIA 1988) (quoting *Matter of Carrubba*, 11 I&N Dec. 914, 917 (BIA 1966)).

The Board has consistently held that the following factors are significant in custody redetermination:

1. Fixed address in the United States. *Matter of Patel*, 15 I&N Dec. 666, 667 (BIA 1979);
2. Length of residence in the United States. *Matter of Shaw*, 17 I&N Dec. 177, 178 (BIA 1979);
3. Family ties in the United States, particularly those which can confer immigration benefits on the respondent. *Matter of Shaw*, 17 I&N Dec. at 178; *Matter of Patel*, 15 I&N Dec. at 667;

4. Employment history in the United States, including length and stability. *Matter of Shaw*, 17 I&N Dec. at 178; *Matter of Patel*, 15 I&N Dec. at 667;
5. Immigration record and eligibility for relief from removal. *Matter of Andrade*, 19 I&N Dec. 488, 491 (BIA 1987); *Matter of Shaw*, 17 I&N Dec. at 178;
6. Attempts to escape from authorities or other flight to avoid prosecution. *Matter of San Martin*, 15 I&N Dec. 167, 169 (BIA 1974);
7. Prior failures to appear for court proceedings. *Matter of Shaw*, 17 I&N Dec. at 178; *Matter of San Martin*, 15 I&N Dec. at 169; and
8. Criminal record, particularly if such record indicates consistent disrespect for the law. *Matter of Andrade*, 19 I&N Dec. at 490-91.

The Court may base a custody or bond determination upon any information that is available or that is presented by the respondent or DHS. 8 C.F.R. § 1003.19(d). It is the responsibility of the Court and parties to ensure that the bond record establishes the nature and substance of the information considered. *Matter of Adeniji*, 22 I&N Dec. 1102, 1115 (BIA 1999).

## IV. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court has jurisdiction to consider the Respondent's request for custody redetermination pursuant to an order issued by the United States District Court for the District of Massachusetts. Bond Exh. 1. After carefully considering the documentary and testimonial evidence, the Court finds that DHS has met its burden of establishing that the Respondent is a danger to the community by clear and convincing evidence.

DHS argued that the Respondent is a danger to the community because of his criminal history. Since 2020, the Respondent has been charged with unlicensed operation of a motor vehicle, unregistered motor vehicle, uninsured motor vehicle, possession of an open container in a motor vehicle, battery with a dangerous weapon, threatening with intent to export, assault, and threatening to commit a crime. Bond Exh. 2 at 6. Contrary Counsel for the Respondent ("Counsel") emphasized that the Respondent disputes the allegations in the police report related to his charges of assault on a family/household member, threatening to commit a crime, and extortion by threat of injury remain pending. *Id*. at 11-13. Further, Counsel noted that the Respondent has only ever been found responsible for traffic infractions. *Id*. at 22-23.

The Court acknowledges that the Respondent's charges for assault on a family/household member, threatening to commit a crime, and extortion by threat of injury remain pending however the underlying facts are significant to the Court. *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) ("In the context of custody redeterminations, Immigration Judges are not limited to considering only criminal convictions in assessing whether an alien is a danger to the community."); *Matter of Andrade*, 19 I&N Dec. at 490-91. Although the Respondent negates the facts as alleged in the

police report, the Court finds the report to be reliable considering that a restraining order was taken out against the Respondent. Bond Exh. 2 at 7-14; *See Rosa v. Garland*, 114 F.4th 1 (1st Cir. 2024). Moreover, the Court's consideration of the police report is not fundamentally unfair as the Respondent had the ability to review and question the contents of the report. *See Rosa*, 114 F.4th at 1.

The victim alleged that the Respondent repeatedly called her and threatened to kill her. Bond Exh. 2 at 12. She further alleged that "she was in fear for her physical safety from [the Respondent's] violent body language and threats made in the past." *Id*. Furthermore, the victim alleged that the Respondent threatened to share "videos he recorded of them while having sex in a private environment without her knowledge." *Id*. Finally, the victim alleged that in the past, the Respondent has controlled "her use of time by forcing her to remain on the phone to monitor her actions." *Id*. Although the Respondent disputes the allegations lodged against him, the facts as alleged were sufficient to warrant a restraining order. *Id*. at 7. Thus, considering the record in its entirety, the Court finds that DHS has established that the Respondent is a danger to the community by clear and convincing evidence. *Hernandez-Lara*, 10 F.4th at 41.

In the alternative, the Court found the Respondent to be a flight risk. On November 28, 2025, the Court ordered the Respondent removed from the United States. Bond Exh. 2 at 52. The Court acknowledges that he promptly appealed the Court's decision to the BIA, however any relief is speculative. The diminished availability of relief weakens the incentive that the Respondent has to appear at future hearings. *Matter of Andrade*, 19 I&N Dec. at 491; *Matter of Shaw*, 17 I&N Dec. at 178. Although the Respondent has family in the United States, these ties cannot provide relief from removal. Bond Exh. 3 at 5-20; *Matter of Shaw*, 17 I&N Dec. at 178; *Matter of Patel*, 15 I&N Dec. at 667. Prior to being detained by Immigrations Customs Enforcement, the Respondent had been working at the same place for four years. Finally, the Respondent has been continuously present in the United States since his entry eleven years prior. *See* Bond Exh. 3 at 2. Ultimately, the Court finds the foregoing positive factors to be insufficient to diminish the weight of the Court's dangerousness finding. Moreover, the Court finds that no amount of bond or alternatives to detention would mitigate the Respondent's dangerousness. Accordingly, the Court orders that there be no change in the Respondent's custody status. For these reasons, the Court **ORDERED** that bond be **DENIED**.

August 4, 2026
Date

**JULIAN NIERVA**
Immigration Judge

**Appeal Rights**: If any party elects to appeal this decision, the Notice of Appeal must be received by the Board of Immigration Appeals within thirty (30) days from the date of this decision.

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL (M) PERSONAL SERVICE (P)
TO: [M] Noncitizen [ ] Noncitizen c/o Custodial Officer [E] Noncitizen 's ATT/REP [E] DHS
DATE: 08/04/2026 BY: COURT STAFF GV
Attachments: [ ] EOIR-33 [ ] EOIR-8 [ ] Legal Services List [ ] Other