UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2026 AUG 27 A 11:53
U.S. DISTRICT COURT
DISTRICT OF MASS.

Kervens Datus

Petitioner,

v.

Antone Moniz, *et al*,

Respondent,

No. 1:26-cv-13379-RGS

## BOND HEARING WAS INADEQUATE BECAUSE IT FAILED DUE PROCESS

Petitioner received a bond hearing on August 3, 2026 like you requested him to have. The problem is the bond hearing he had still failed to fully comply with due process. The immigration judge found petitioner to be a danger to society based on his 3 cases that was dismissed and the pending case he has on going. But the IJ nor the respondent's didn't seek any alternative options to detention that could potentially levitate their concerns of him being a danger such as an GPS ankle bracelet. And the respondent's didn't argue why a GPS bracelet or any alternative options would not prevent their concerns *see Costa v. McDonald*, 2026 WL 371198 ( D.Mass Feb. 10, 2026) ("the Due Process Clause requires the government to also prove during 8 U.S.C. § 1226(a) bond hearings that no reasonable alternative to detention exist that would ensure the safety of the community and secure future appearances in court.... The Court agrees with Petitioner and finds that by failing to address less restrictive alternatives to detention, the Government failed to provide Petitioner with constitutionally sufficient procedure.")

Just like the first circuit case in *Costa* other court session in this district have required immigration judges to consider "alternative methods to ensure the safety of the community and petitioner's future appearances like GPS monitoring." (*Costa v. Mcdonald* quoting *Doe v. Tompkins*) such as *Doe v. Tompkins*, No. 18-12266, 2019 WL 8437191, at *2 ( D. Mass. Feb. 12, 2019);*Brito v. Barr*, 415 F. Supp. 3d 258, 271 (d. Mass. 2019)' *Biro v. Garland*, 22 F.4th 240 (1st Cir. 2021); *Reid v. Donelan*, 390 F. Supp. 3d 201, 225 ( D. Mass. 2019) 17 F.4th 1 (1st. Cir. 2021).

Other District courts like the Second and third circuit in particular has also recognized the importance of consideration of alternative to detention in due process rights in bond hearings 8 U.S.C. § 1226(a) see Hernandez- Aviles v. Decker, 2020 WL 5836519, at *2 ( S.D.N.Y. Oct. 1, 2020) (holding that "not considering alternatives to detention or ability to pay a bond would run afoul of the protections afforded by the Due Process Clause" and that " if there is a viable option short of detention such that the Government's case for detention is no longer clear and convincing," the Fifth Amendment requires that it be considered before confinement is ordered); *Hechavarria v. Whitaker*, 358 F. Supp. 227, 241-42 (W.D.N.Y. 2019); *Ousman D. v. Decker*, 2020 WL 5587441, at *9 (D.N.J. Sept. 18, 2020); *O.F.C. v. Decker*, 2020 WL 5743522, at *33-35 ( S.D.N.Y. Sept. 12, 2022)

In the 1st Circuit court of *Costa* the judge talks about how the arguments made in the 2nd and third circuit courts as well as decision made in 1st Circuit highlighted what the Supreme court has held, that detention based on dangerousness is permitted only when its limited to specially dangerous kinds of people "Our sister courts highlight that the Supreme Court has upheld ' preventive detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protection.' *Hernandez- Aviles*, 2020 WL 5836519,

1t *2 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L. Ed. 2d 653 (2018)). And in the context of burdens on other constitutional rights, the Supreme Court has held that '[w]hen a plausible, less restrictive alternative is offered … it is the Government's obligation to prove that the alternative will be ineffective to achieve its goals' *United States v. Playboy Ent. Grp., Inc.* , 529 U.S. 803, 816, 120 S.Ct. 1878, 146. L. Ed. 2d 865 (2000)"). (quoting *Costa v. McDonald*, 2026 WL 371198).

Based on the cases cited above especially cases in this circuit the 1st circuit Petitioner bond hearing is found to not meet the proper requirements constitutionally, and therefore makes petitioner's bond hearing violation of due process of the constitution.

## CONCLUSION

Petitioner did not get the proper consideration as described in the cases presented above and therefore petitioner's bond hearing is in violation of due process of the 5th amendment. Because petitioner has been held on two bond hearings and both were constitutionally inefficient I request that petitioner be released from custody including being released on a GPS bracelet if you deem such conditions as proper. Other courts have provided that remedy albeit in a different pretext those that were released had defected bond hearings based on flight risks, but as mention being released on an ankle bracelet could eliminate their concerns of being a danger. *See Reyes Vargas* ("… and his bond hearing was constitutionally inadequate. Further, the IJ did not find Petitioner to be a danger to the community. Instead, petitioner was found to be a flight risk based on insufficient evidence…. Under the circumstances, there is no basis for Petitioner's continued detention, and thus immediate release is an appropriate remedy").

Respectfully submitted,

Kervens Datus ______________________ August 20, 2026